# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAREN FRIEDLAND, : | |
| : | |
| Plaintiff : | |
| : | C.A. No. 1:13-cv-01417-SLR |
| v. : | |
| : | |
| UNUM GROUP and UNUM LIFE : | |
| INSURANCE COMPANY OF AMERICA, : | |
| et al, : | |
| : | |
| Defendants : | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Dated:  November 18, 2013

**STEVENS & LEE, P.C.**
John D. Demmy (No. 2802)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 425-3308
Facsimile: (610) 371-8515
E-Mail: jdd@stevenslee.com

E. Thomas Henefer
(Pa. No. 55773 – Pro Hac Vice Pending)
111 North Sixth Street
P.O. Box 679
Reading, PA  19603
Telephone: (610) 478-2000
Facsimile: (610) 988-0803
E-Mail: eth@stevenslee.com

Attorneys for Defendants, Unum Group and
Unum Life Insurance Company of America

# **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ...............................................................1

II. SUMMARY OF ARGUMENT ..............................................................................................1

III. ARGUMENT .........................................................................................................................2

    A. Friedland's ERISA Claim Is Time Barred ...................................................................2

    B. Friedland's Fraud Claim Is Preempted By ERISA .......................................................4

    C. Friedland Did Not, And Cannot, Plead The Existence Of A RICO "Enterprise" .........5

        1. Misleading Allegations About Alleged Past Claims Handling Practices Are No Substitute For Properly Pleading The Elements Of A RICO Claim...............5

        2. Friedland's Agency Law Argument Is Misguided And Inaccurate .......................7

IV. CONCLUSION....................................................................................................................10

SL1 1268042v1 010305.00256

# TABLE OF AUTHORITIES

**CASES**

*Assoc. of N.J. Chiropractors v. Aetna, Inc.*,
 2011 WL 2489954 (D. N.J. June 20, 2011) .......................................................................... 8, 9

*Bayer v. Fluor Corp.*,
 682 F. Supp. 2d 484 (E.D. Pa. 2010) .................................................................................... 3, 4

*Berger v. Edgewater Steel Co.*,
 911 F.2d 911 (3d Cir. 1990) ....................................................................................................... 5

*Bodam v. GTE Corp.*,
 197 F. Supp. 2d 1225 (C.D. Cal. 2002) .................................................................................... 7

*Caudill Seed and Warehouse Co. v. Jarrow Formulas, Inc.*,
 2013 WL 4048541 (W.D. Ky. Aug. 9, 2013) ........................................................................... 8

*Cedric Kushner Promotions, LTD v. King*,
 533 U.S. 158 (2001) ................................................................................................................ 7, 8

*Daniel v. Unum Provident Corp.*,
 2010 WL 8292157 (E.D.N.Y. Oct. 27, 2010) .......................................................................... 6

*Davis v. Unum Group*,
 2011 WL 2438632 (E.D. Pa. June 17, 2011), *aff'd*, 488 Fed. Appx. 654 (3d Cir. 2012) .......... 3

*In re Ellipso*,
 2011 WL 482726 (Bkrtcy. D. D.C. Feb. 7, 2011) ................................................................... 8

*Epright v. Environmental Resources Management, Inc.*,
 81 F.3d 335 (3d Cir. 1996) ..................................................................................................... 3, 4

*Hidy v. TIAA Group LTD Benefits Ins. Policy*,
 2002 WL 450084 (D. Del. March 19, 2002), *aff'd*, 57 Fed. Appx. 124 (3d Cir. 2003) ............ 2

*Hagopian v. Johnson Financial Group, Inc. LTD Plan*,
 2010 WL 3808666 (E.D. Wis. Sept. 23, 2010) ........................................................................ 6

*Jones v. Unum Provident Corp.*,
 596 F.3d 433 (8th Cir. 2010) ..................................................................................................... 6

*Klimowicz v. Unum Life Ins. Co. of America*,
 296 Fed. Appx. 248 (3d Cir. 2008) ........................................................................................... 3

*McBride v. Hartford Life and Acc. Ins. Co.*,
 2006 WL 279113 (E.D. Pa. 2006) ............................................................................................. 7

*Mercado v. First Unum Life Ins. Co.*,
   2013 WL 633100 (S.D.N.Y. Feb. 21, 2013) ..................................................................6

*Miller v. Fortis Benefits Ins. Co.*,
   475 F.3d 516 (3d Cir. 2007) .........................................................................................2

*Morningred v. Delta Family-Care & Survivorship Plan*,
   790 F. Supp. 2d 177 (D. Del. 2011), *aff'd*, 2013 WL 2303730 (3d Cir. 2013) .........3

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
   998 F.2d 1192 (3d Cir.1993) ........................................................................................6

*Reeves v. Ernst & Young*,
   507 U.S. 170 (1993) .....................................................................................................7

*Russell v. Paul Revere Life Ins. Co.*,
   148 F. Supp. 2d 392 (D. Del. 2001), *aff'd*, 288 F.3d 78 (3d Cir. 2002) ....................3

*Shields v. UnumProvident Corporation*,
   415 Fed. Appx. 686 (6th Cir. 2011) .........................................................................8, 9

*Simmers v. Hartford Life and Acc. Ins. Co.*,
   2012 WL 1448113 (E.D. Wis. April 25, 2012) ............................................................7

*Sivalingam v. Unum Life Ins. Co. of America*,
   2011 WL 1584055 (E.D. Pa. Apr. 26, 2011) ...............................................................6

*Syed v. Hercules Inc.*,
   214 F.3d 155 (3d Cir. 2000) ................................................................................2, 3, 4

*The Dow Chemical Co. v. Exxon Corp.* 30 F. Supp. 2d 673, 700 (D. Del. 1998) ...........7

*Truitt v. Unum Life Ins. Co. of America*,
   729 F.3d 497 (5th Cir. 2013) ........................................................................................6

*Weiss v. First Unum Life Ins. Co.*,
   2010 WL 743957 (D. N.J. March 3, 2010) ..........................................................3, 4, 5

*Weiss v. First Unum Life Ins. Co.*,
   482 F.3d 254 (3d Cir. 2007) .....................................................................................4, 5

**STATUTES, RULES & REGULATIONS**

29 C.F.R. § 2560.503-1 (h)(3) ............................................................................................3

29 C.F.R. § 2560.503-1(j)(1)-(4) ........................................................................................3

29 C.F.R. § 2560.503-1(o)(1) .............................................................................................3

29 U.S.C. § 1144 .................................................................................................................4

(iv)

18 U.S.C. § 1962 (c) ..................................................................................................................7, 9

Employee Retirement Income Security Act of 1974,
29 U.S.C. §§ 1001-1461 ("ERISA")..............................................................................1, 2, 3, 4, 5

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 .......................................1

## I. NATURE AND STAGE OF THE PROCEEDINGS

Karen Friedland asserts (1) a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"), that is time-barred, (2) a fraud claim that ERISA preempts and (3) a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 – 1968 ("RICO") for which she did not, and cannot, properly plead the elements of a cause of action.  For these reasons, Defendants Unum Life Insurance Company of America ("Unum Life") and Unum Group ("Unum") filed a motion to dismiss.[1]  Friedland's response confirms the many deficiencies of her Complaint -- and compounds the problems by citing irrelevant cases and mischaracterizing both the cases and Unum's arguments.

## II. SUMMARY OF ARGUMENT

Friedland's ERISA claim was subject to a one-year statute of limitations as explained in *precedential* Third Circuit law addressing the statute of limitations for ERISA claims filed in Delaware.  Friedland's citation to *non-precedential* Third Circuit law on the statute of limitations in other states is unavailing.  Further, her arguments regarding technical compliance with the regulations for denial letters are insufficient as she cites the wrong version of the regulations and, in any event, her claim of an alleged technical violation, even if accurate (which it is not), would not toll the statute of limitations.[2]

Friedland offers no coherent argument to save her fraud claim from ERISA preemption.  Instead, she cites a Third Circuit case that addressed a completely different form of preemption yet, ironically, *confirms* that ERISA preempts her fraud claim.

---

[1] For ease of reference, Defendants may refer to Unum and Unum Life collectively as "Unum" unless further delineation is needed for context.

[2] In the alternative, even if Friedland had plead a viable claim under ERISA § 502 (a)(1)(B), which is denied, she is not entitled to recover future benefits.  Friedland has cited inapplicable non-precedential Ninth Circuit case law to contest Unum's argument.  Due to space limitations for this brief, Unum will rely on its earlier argument on this issue, as well as the common sense notion that even if Friedland were found disabled by the Court now, such a finding would not guarantee that she would always remain eligible for benefits in the future.

1

Finally, Friedland does not squarely address the core deficiency of her RICO claim which is her inability to properly plead the existence of a *distinct* RICO "enterprise."[3]

## III. ARGUMENT

### A. Friedland's ERISA Claim Is Time Barred

Friedland refers only to certain select facts in support of her argument, which, as limited to such, are both misleading and misguided. For example, she offers as exhibits some, but not all, of the relevant correspondence to imply that a "second level" of administrative appeal was still being pursued as late as September 2012 and, therefore, her claim is timely. [Docket No. 10 at 11]. In fact, the *2010* appeal denial could not have been clearer:

> [Unum Life] has now completed the review of your client's appeal. No further review is available and her appeal is now closed.

[Docket No. 10, Exh. A at 9]. Thus, the administrative review was finished in September 2010.

Friedland's also claims Unum's September 13, 2012 letter was a "final level of review." [Docket No. 10 at 11]. But that letter (a) responded to a letter from Friedland's former attorney dated *September 4, 2012* -- two years after the administrative process ended and (b) simply reiterated that the administrative appeals ended in 2010. [Docket No. 10, Exh. B].

Friedland's legal citations also are misleading and puzzling. Unum cited *Syed v. Hercules Inc.*, 214 F.3d 155, 159 (3d Cir. 2000), a *precedential* decision holding that the statute of limitations for ERISA claims filed in Delaware is one year. Because the statute of limitations is borrowed from the forum state (*i.e.*, Delaware), *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 n.2 (3d Cir. 2007), the Court, of course, is required to follow *Syed*. *Hidy v. TIAA Group LTD Benefits Ins. Policy*, 2002 WL 450084 at * 2 (D. Del. March 19, 2002) (Robinson, J.), *aff'd*, 57 Fed. Appx. 124 (3d Cir. 2003).

---

[3] Nor did she squarely address her failure to properly allege predicate acts; her inability to demonstrate that any alleged predicate act proximately caused her alleged injury; and, her lack of standing. Once again, because of page limit constraints, Unum will rely on its earlier arguments on these issues.

2

In response, Friedland cited *Klimowicz v. Unum Life Ins. Co. of America*, 296 Fed. Appx. 248, 249-50 (3d Cir. 2008), a *non-precedential* decision on the statute of limitations for ERISA claims filed in *New Jersey* which Friedland then inexplicably mischaracterizes as a case about *Pennsylvania* law. [Docket No. 10 at 11 n. 4]. *Syed*, not *Klimowicz*, is applicable here.

Finally, Friedland's argument about alleged non-compliance with Department of Labor applicable regulations fails for three reasons. First, she cites the 2002 regulations which require that appeal denial letters notify participants of the right to file suit in federal court. 29 C.F.R. § 2560.503-1(j)(1)-(4). But Friedland's claim was filed in the early 1990s, [Complaint at ¶ 10], and the 2002 regulations apply only to "claims filed under a plan on or after January 1, 2002." 29 C.F.R. § 2560.503-1(o)(1). The prior regulations did not require notice of the right to file suit. 29 C.F.R. § 2560.503-1 (h)(3) (July 1, 200). [Exhibit A].

Second, even if the 2002 regulations did apply, Unum Life would be held to a standard of "substantial compliance." *Morningred v. Delta Family-Care & Survivorship Plan*, 790 F. Supp. 2d 177, 194 (D. Del. 2011), *aff'd*, 2013 WL 2303730 (3d Cir. 2013); *Russell v. Paul Revere Life Ins. Co.*, 148 F. Supp. 2d 392, 410 (D. Del. 2001), *aff'd*, 288 F.3d 78, 82 (3d Cir. 2002). Unum Life clearly informed Friedland's counsel that all administrative remedies were complete and her counsel was well-aware of the ability to file a lawsuit, having previously sued Unum Group subsidiaries in other ERISA cases. *E.g.*, *Davis v. Unum Group*, 2011 WL 2438632 (E.D. Pa. June 17, 2011), *aff'd*, 488 Fed. Appx. 654 (3d Cir. 2012); *Weiss v. First Unum Life Ins. Co.*, 2010 WL 743957 at * 2 (D. N.J. March 3, 2010).

Finally, Friedland's citation to *Epright v. Environmental Resources Management, Inc.*, 81 F.3d 335 (3d Cir. 1996), is misplaced. The "deadline" the defendant sought to enforce in *Epright* was the plan's 120 day deadline for administrative appeal, not the statute of limitations. *Id*. at 342. In *Bayer v. Fluor Corp.*, 682 F. Supp. 2d 484 (E.D. Pa. 2010), the Court distinguished

*Epright* on this very basis and held that a claim was barred by the statute of limitations even though the denial letter did not address the right to file suit. *Id*. at 487 ("Susan complains that CIGNA did not advise her of her rights to perfect her claim or bring suit under ERISA") and 492 (*Epright* is inapplicable to statute of limitations for filing suit).

In short, Friedland's ERISA claim was subject to a one year statute of limitations under *Syed*, 214 F.3d at 159. Her ERISA claim is therefore untimely and should be dismissed.

### B. Friedland's Fraud Claim Is Preempted By ERISA

Friedland has no good faith argument to avoid preemption of her fraud claim. Instead, she resorts first to citing inapplicable case law -- and then mischaracterizing it.

First, Friedland implies that her claims here are the same as the claims the Third Circuit allowed to proceed in *Weiss v. First Unum Life Ins. Co.*, 482 F.3d 254 (3d Cir. 2007). She even claims she "consciously modeled" her claims on, and "borrowed directly (and in many cases verbatim)" from, the Fourth Amended Complaint in *Weiss*. [Docket No. 10 at 14 and n. 5]. But the Fourth Amended Complaint in *Weiss* did not include any state law claims. Instead, it included *only a federal RICO claim*. [Docket No. 10, Exhibit D].

Second, Friedland argues that "*Weiss* makes clear that RICO and ERISA claims can peacefully coexist not only with each other, but also with state law claims for bad faith and consumer fraud." [Docket No. 10 at 17]. She goes on to ask rhetorically "[b]y what logic, then, can RICO and ERISA claims ***not*** coexist with a state law claim for fraud?" [*Id*. (emphasis in original)]. The answer is that such "logic" is embodied in ERISA's preemption provision, 29 U.S.C. § 1144, and further supplied by applicable case law on ERISA preemption. Indeed, ERISA preempted Weiss's state law claims, *Weiss v. First Unum Life Ins. Co.*, 2010 WL 743957 at * 2 (D. N.J. March 3, 2010), a point the Third Circuit *expressly* noted. 482 F.3d at 257.

4

Finally, *Weiss* did not address ERISA preemption but, instead, whether a federal RICO claim was "reverse-preempted" by the McCarran-Ferguson Act which prohibits use of federal law to impair state insurance regulation. While the *Weiss* Court extensively analyzed New Jersey's insurance law remedies, it did so only to determine whether a federal RICO claim would run afoul of the McCarran-Ferguson Act. And, the Court did not say that state law remedies survive ERISA's preemption provision. In fact, the *Weiss* Court said just the opposite:

> In light of ERISA, the state-law claims were dismissed, and eventually the ERISA claims were also dismissed, leaving only the federal RICO claims. We find ourselves resorting to state-law theories and claims as justification for the application of civil RICO, *despite the fact that those claims would be preempted by ERISA*.

482 F.3d at 261 n. 5 (emphasis added).

In short, there is no debating that ERISA preempts state law fraud claims that relate to ERISA plan, *e.g.*, *Berger v. Edgewater Steel Co.*, 911 F.2d 911 (3d Cir. 1990), a point the *Weiss* Court actually confirmed. 482 F.3d at 261 n. 5.

### C. Friedland Did Not, And Cannot, Plead The Existence Of A RICO "Enterprise"

Friedland tries to sidestep her pleading obligations with on hyperbolic rhetoric (such as "unparalleled orgy of systematic insurance fraud"), and inflammatory claims about Unum's alleged historical claims handling practices. She even goes so far as to claim that citing a law review article on Unum's alleged historical claims handling practices is a "shorthand" way to plead a RICO enterprise. [Docket No. 6 at 1 n. 1]. And, the only actual argument she makes (based on state law *respondeat superior* concepts) finds no support in the applicable law.

#### 1. Misleading Allegations About Alleged Past Claims Handling Practices Are No Substitute For Properly Pleading The Elements Of A RICO Claim

Friedland's claim was denied in 2010, long after Unum Group's subsidiary insurance companies entered into RSAs addressing claims handling. Thus, Friedland's citations to the

5

Langbein article and cases involving pre-Regulatory Settlement Agreement ("RSA") claims handling are both irrelevant *and* misleading -- as recent cases confirm. *E.g., Truitt v. Unum Life Ins. Co. of America*, 729 F.3d 497, 514-515 (5th Cir. 2013); *Jones v. Unum Provident Corp.*, 596 F.3d 433, (8th Cir. 2010); *Daniel v. Unum Provident Corp.*, 2010 WL 8292157 at * 15 n. 10 (E.D.N.Y. Oct. 27, 2010). While comparison to other cases is always dangerous in this setting, it is useful to note many recent decisions upholding claim decisions by Unum Group subsidiaries. [Exh. B (Compiling cases)].

Indeed, courts have *specifically* rejected reliance on the very law review article Friedland cites for post-RSA claim decisions. *Sivalingam v. Unum Life Ins. Co. of America,* 2011 WL 1584055 at * 4 (E.D. Pa. Apr. 26, 2011); *Hagopian v. Johnson Financial Group, Inc. LTD Plan*, 2010 WL 3808666 at * 8 (E.D. Wis. Sept. 23, 2010). And, the regulators have likewise recognized the impact of the RSA as confirmed by a January 6, 2009 letter by three state insurance departments (Maine, Tennessee and New York) noting, among other things, that alleged "systemic misconduct" was "no longer present." *Mercado v. First Unum Life Ins. Co.*, 2013 WL 633100 at * 27 (S.D.N.Y. Feb. 21, 2013). Indeed, the Departments had "actively examined the companies throughout and at the end of the claim reassessment process to ensure compliance" and concluded:

> [T]he Companies' claim practices markedly improved between the time of the RSA and the time of the 2007-2008 examination. We believe that the RSA achieved its objective in bringing about wide-ranging change for the benefit of the Companies' policyholders, claimants (past and future) and other stakeholders.

Exhibit C.[4] Press releases from the New York and Maine Insurance Departments likewise

---

[4] The Insurance Departments' letter is properly considered as a matter of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir.1993).

6

note the impact of the RSA.[5]

Most importantly, *as a matter of law*, Friedland's incessant reliance on alleged pre-RSA claims practices fails to advance the ball towards pleading a "plausible" claim because even if an insurer had a scheme to improperly deny benefits, that alone would not create a RICO "enterprise" that was "distinct" from the RICO defendant. *Cedric Kushner Promotions, LTD v. King*, 533 U.S. 158, 162 (2001). Again, the RICO enterprise cannot be "simply the same 'person' referred to by a different name." *Id*. at 161. And, critically, a RICO plaintiff must show that the RICO "person" or defendant "conducted or participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs." *Id*. at 163 (quoting *Reeves v. Ernst & Young*, 507 U.S. 170, 185 (1993)).

Friedland simply cannot sever Unum Life's actions in denying her claim for benefits from the *conduct of its own affairs*. Unum Life is an insurance company with a particular focus on disability insurance. As such, a necessary and inevitable part of Unum Life's "own affairs" is the handling of benefit claims under the policies it issues. Friedland's allegation that Unum Life improperly denies claims is nothing more than an allegation about how Unum Life conducts *its own affairs*. Such allegations fail to allege a distinct RICO enterprise. *King*, 533 U.S. at 163.

### 2. Friedland's Agency Law Argument Is Misguided And Inaccurate

As this Court held in *The Dow Chemical Co. v. Exxon Corp.*, for purposes of § 1962 (c), "a corporation is not distinct from its subsidiaries, relatives, agents and affiliates." 30 F. Supp.

---

[5] [Exh. D, New York Ins. Dept. 5/1/08 ("Unum is to be commended for its cooperation and its prompt implementation of the required reforms," Dinallo added. "Its governance reforms and improvements in claim administration should yield ongoing positive benefits for disability insurance claimants."); Exh. E, Maine Ins. Dept. 4/15/08 ("Not only is this an example of state insurance regulators working effectively to protect the nation's insurance consumers, it is also an example of an insurer reforming its practices and becoming a model for other insurers.")].

7

2d 673, 700 (D. Del. 1998) (Robinson, J.). Importantly, this rule has been applied *routinely* in cases alleging that insurance companies employed improper schemes to deny claims.[6]

To avoid this result, Friedland claims a distinct "enterprise" exists here because her definition of the alleged RICO enterprise includes third parties who would not be considered Unum Life's "agents" under state agency law principles. But the issue is not whether all participants in the alleged "enterprise" would be characterized as "agents" or as "independent contractors" under state *respondeat superior* laws. Instead, the issue is whether the defendant was allegedly engaged in the affairs of a distinct enterprise -- or was merely conducting its own affairs. *King*, 533 U.S. at 163.

Including independent contractors will not create a RICO enterprise if the enterprise is simply conducting the affairs of the defendant corporation. *Caudill Seed and Warehouse Co. v. Jarrow Formulas, Inc.*, 2013 WL 4048541 at * 9 n. 7 (W.D. Ky. Aug. 9, 2013). Instead, "[i]ndependent contractors carrying out the regular affairs of a corporation are not distinct for RICO purposes." *In re Ellipso*, 2011 WL 482726 at * 12 (Bkrtcy. D. D.C. Feb. 7, 2011).

Unum cited two cases in its opening brief which were directly on point as they involved alleged RICO schemes by insurers and the alleged enterprises included third parties who could not be considered "agents" under state *respondeat superior* laws. *Shields v. UnumProvident Corporation*, 415 Fed. Appx. 686 (6th Cir. 2011); *Assoc. of N.J. Chiropractors v. Aetna, Inc.*, 2011 WL 2489954 (D. N.J. June 20, 2011). Notably, Friedland ignored these cases in her response, perhaps because they undermine her agency argument.

For example, in *Assoc. of N.J. Chiropractors*, the plaintiffs claimed a health insurer and several third parties acted as a RICO "enterprise" by improperly recovering claim payments from

---

[6] *Simmers v. Hartford Life and Acc. Ins. Co.*, 2012 WL 1448113 (E.D. Wis. April 25, 2012); *Assoc. of N.J. Chiropractors v. Aetna, Inc.*, 2011 WL 2489954 (D. N.J. June 20, 2011); *McBride v. Hartford Life and Acc. Ins. Co.*, 2006 WL 279113 (E.D. Pa. 2006); *Bodam v. GTE Corp.*, 197 F. Supp. 2d 1225, 1228 (C.D. Cal. 2002) (rejecting RICO enterprise allegation against Unum).

8

chiropractors. The purported enterprise included Aetna, International Business Machines ("IBM") which served as a policy consultant, an independent overpayment recovery company ("AfterMath Claim Science), an attorney, and a national trade association (the National Healthcare Anti-Fraud Association). 2011 WL 2489954 at * 6.

The Court rejected the plaintiffs' allegation of a RICO enterprise because the alleged "enterprise" was not distinct from Aetna:

> In the present case, the alleged association-in-fact enterprise consists of Aetna, Inc., several of its subsidiaries and affiliates, and third-parties acting as Aetna's agents. This is not sufficient to fulfill the distinctiveness requirement of § 1962 (c).

2011 WL 2489954 at * 6. The Court felt no compulsion to test whether the "third parties" -- which included third parties like IBM who entered contracts with Aetna -- were technically "agents" under state law agency principles.

*Shields* is directly on point as the enterprise purportedly consisted of Unum's "subsidiaries, affiliates, wholly owned companies, *customers, policy holders, claimants, independent contractors, and governmental and nongovernmental regulators*." 415 Fed. Appx. at 691. The Court rejected the RICO claim finding no "enterprise" even though the alleged enterprise clearly included third parties who would not be considered "agents" under state law agency principles. 415 Fed. Appx. at 691.[7]

In summary, while Friedland wants to divert the Court's attention with inflammatory allegations of past wrongdoing, and irrelevant legal arguments, all she alleges here is that Unum Life conducted *its own affairs* through what she alleges is an improper scheme to deny claims. Even if that were so (which it is not), the necessary "distinctness" between the RICO defendant

---

[7] Although *Shields* is unpublished, it is cited here for its persuasive value as it addresses the precise question presented here and involves Unum Group.

9

and the alleged RICO enterprise is absent; therefore, the Court should dismiss Friedland's RICO claim.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint should be dismissed with prejudice.

Dated: November 18, 2013                     **STEVENS & LEE, P.C.**

By: /s/ *John D. Demmy*
John D. Demmy (No. 2802)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 425-3308
Facsimile: (610) 371-8515
E-Mail: jdd@stevenslee.com

E. Thomas Henefer
STEVENS & LEE, P.C.
(Pa. No. 55773 – Pro Hac Vice Pending)
111 North Sixth Street, P.O. Box 679
Reading, PA 19603
Telephone: (610) 478-2000
Facsimile: (610) 988-0803
E-Mail: eth@stevenslee.com

Attorneys for Defendants, Unum Group and Unum Life Insurance Company of America